## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON

**TONYA ANITA REYNOLDS,**

 **Plaintiff,**

**v.**               **Civil Action No. 3:15-cv-13954**

**NANCY A BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**

 **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Claimant's Complaint filed with this Court on March 13, 2015, asserting that "The Commissioner failed to follow all requirements with regard to determining resources in a Supplemental Security Income Claim complaint" (ECF No. 2). On February 11, 2016, Defendant filed an Answer (ECF No. 7). Claimant did not file a Motion in Support of Judgement on the Pleadings and Defendant did not file a Brief in Support of Defendant's Decision.

### Procedural Background

On November 30, 2010, Claimant was found disabled under Title XVI for Social Security Income (SSI). A hearing was held on October 24, 2013, via video teleconference with Claimant appearing from West Virginia[1] and the ALJ conducting the hearing from Seven Fields, Pennsylvania (Tr. at 119). On January 14, 2014, the Administrative Law Judge held that Claimant's resources exceed the $2,000 limit for an individual person under the Regulations. See 20 C.F.R. § 416.202. On approximately March 12, 2014, Claimant requested a review of the ALJ's decision by the Appeals Council (AC) (Tr. at 8). On August 11, 2015, the AC denied Claimant's

---

[1] The hearing transcript does not specify where in West Virginia Claimant was participating via teleconference.

request (Tr. at 3-7). Subsequently, on October 13, 2015, Claimant filed a Complaint For Review of the Decision of the Commissioner of Social Security (ECF No. 2).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is supported by substantial evidence.

Discussion

In order to be eligible for SSI an individual must be aged, blind or disabled and have income and "countable resources" below specified statutory amounts. Resources, which are limited to a value of $2000.00 for an individual, include cash, or other liquid assets that an individual could convert to cash to be used for his support and maintenance. 20 C.F.R. § 416.1201(a). If the individual has the "right, authority or power to liquidate the property," it is a countable resource.

*Id.* Liquid resources include assets in cash or "financial instruments which are convertible to cash.... or checking accounts, stocks, bonds, mutual fund shares ... and similar properties." 20 C.F.R. § 416.1201(b).

Real property that an individual has made reasonable but unsuccessful efforts to sell throughout a 9-month period of conditional benefits will continue to be excluded for as long as:

- The individual continues to make reasonable efforts to sell it; and
- Including the property as a countable resources would result in a determination of excess resources. POMS SI 01130.140.

A home which serves as the primary residence, including land appertaining thereto, is an excludable resource. See 20 C.F.R. §§ 416.1210, 416.1212.

<u>Administrative Law Judge's Decision</u>

The ALJ held that the record demonstrates Claimant owns real estate with a combined value of approximately $24,350. Consequently, Claimant's resources exceed the allowed amount under the Regulations (Tr. at 15). Claimant currently owns whole or partial interests in three (3) parcels of real estate. Cathy Paisley testified at the hearing that Claimant (1) solely owns one piece of property that she does not live on, (2) owns one-half of piece of property that her sister owns the other one-half and (3) owns a portion of a third piece of property that was inherited by multiple relatives and Claimant (Tr. at 140). Ms. Paisley testified that Claimant's share in the third piece of property is approximately $22,000 (Tr. at 141). In regards to third piece of property listed above, Claimant testified that she "signed that away." (*Id.*) Ms. Paisley testified that even if the third piece of property were not included, Claimant's ownership in the first two properties would still place her over the resource limit (Tr. at 144).

Discussion

Claimant obtained ownership of Lot 471E HL #2 Hilltop Drive,[2] by deed dated July 26, 1999 (Tr. at 102).  In tax year 2010, this property was valued at $960 (Tr. at 34).  Modernized Supplemental Security Income Claims System (MSSICS)[3] assessed the tax value as $1,600 (Tr. at 59).  Claimant does not reside on this property.

The Program Operations Manual System (POMS) is applicable when a claimant receives conditional benefits.  The ALJ held that "There is no evidence that the claimant receives conditional benefits or that this POMS section applies in this case" (Tr. at 13).  POMS requires Claimant to make efforts to sell property over a 9-month period.  The ALJ held that Claimant has not provided evidence that she listed the property with a realtor to sell or advertised the property for sale.  Claimant testified that she put "For Sale" signs on the property but the signs keep getting removed.  The ALJ found Claimant's testimony regarding the "For Sale" signs to be insufficient to show reasonable efforts to sell the property. Claimant did not assert that she made offers to sell the property to anyone other than one potential buyer, Mary G. Bias.

Claimant asserts that this property should not be counted as a resource because she cannot sell or transfer the property.  Claimant testified that she has tried to sell the property "for over a year or two now" (Tr. at 136). She testified that one potential buyer, Mary G. Bias, offered Claimant $1,000 for the property but later withdrew the offer.  (*Id.*)

Claimant received joint ownership of Lots 319 and 320 Glenette Heights,[4] by deed dated December 14, 2007.  Claimant owns this property in survivorship with her sister.  These lots were assessed with a value of $1,000.  Claimant does not reside at this property.  Claimant asserts that

---

[2] The record does not indicate where the real property is located.
[3] A system used by the Social Security Administration to collect non-medical information.
[4] The record does not indicate where the real property is located.

her sister refuses to sale this property. The ALJ found that "claimant submitted a handwritten statement purportedly signed by the claimant's sister stating she would not agree to the sale of the land because it had belonged to her grandmother" (Tr. at 14). The ALJ held that Claimant has not attempted to petition the circuit court of jurisdiction, seeking to partition the jointly owned property pursuant to WV Code 37-4-1.[5] (*Id.*) Additionally, the ALJ held that Claimant "has also failed to take any action to convey her portion of the property interest to her sister. She retains half ownership in the property." (*Id.*)

Claimant owns one-fourth interest in a property at 6900 Big Seven Mile, Lot 106.[6] This property is a residential duplex assessed with a value of $89,000. Claimant does not live at this property. The ALJ found that Claimant "has not provided any evidence of a debt on the property or record of mortgage payments." The ALJ further noted the possibility of income from rent collection is questionable. (*Id.*) Claimant asserts that her interest in property was given to her sister. Claimant submitted a handwritten statement dated June 1, 2006 to support her assertion. The ALJ held:

> This statement appears to have been fabricated to serve the claimant's interests… Though dated July 1, 2006, the statement was notarized by a notary whose commission expires in March 2020. West Virginia notary commissions are for a period of no more than ten years. In addition, a notary must witness the signing of the document, verifying the authenticity of the signature on the date the document is signed. The document could not have been notarized or signed in July 2006 as the notary's commission did not start until March 2010… Not only does the document lack credibility, but also it is insufficient to convey and interest in real property. West Virginia law provides that real estate cannot be conveyed unless by

---

[5] "Tenants in common . . . of real property . . . shall be compelled to make partition, and the circuit court of the county wherin [sic] the land or estate, or any part thereof, may be, shall have jurisdiction, in cases of partition, and in the exercise of such jurisdiction, may take cognizance of all questions of law affecting the legal title, that may arise in any proceedings." See WV Code § 37-4-1.

[6] The record does not indicate where the real property is located.

deed or will (WV Code 36-1-1).  The claimant has provided no deed, recorded or otherwise, that conveyed her interest in the property to her sister.  Further, the claimant testified she continues to be the owner by deed  and continues to receive the bills for taxes due.  The claimant has never executed a deed conveying her interest in the property to her sister; therefore, ownership remains with her. (Tr. at 14-15).

Conclusion

The undersigned respectfully recommends the District Judge find that the ALJ's decision[7] is supported by substantial evidence.  Claimant has failed to demonstrate resources below the $2,000 limit allowed under the Regulations.  As for the first piece of property, the undersigned suggests the District Judge find that Claimant has failed to demonstrate that she has made reasonable, even if unsuccessful, efforts to sell the property.  Although Claimant submitted a handwritten statement from Mary G. Bias reflecting that Ms. Bias had made an offer on one piece of property, which was later rescinded by Ms. Bias, this one offer was insufficient to demonstrate an ongoing effort by Claimant to sell the property over a 9-month period as required by POMS SI 01130.140.  Additionally, Claimant's testimony that she has placed "For Sale" signs on the property which have allegedly been repeatedly removed is insufficient to demonstrate that she has made reasonable efforts to sell the property.

In regards to Claimant's second piece of property which she shares half of the ownership with her sister, the undersigned respectfully recommends that the District Judge find that Claimant has failed to demonstrate reasonable efforts to partition the interest in the jointly owned property.  Claimant has also failed to demonstrate any action to convey her interest in the property to her sister.

---

[7] The ALJ's decision became the final decision of the Commissioner of Social Security.

Lastly, in regards to the property with a residential duplex that Claimant owns one-fourth interest, the undersigned suggests the District Judge find that Claimant has failed to demonstrate that she conveyed her interest in this property to her sister.  Claimant's handwritten statement dated June 1, 2006, reflecting notarization by a notary whose commission expires in March 2020, lacks credibility and is insufficient to legally convey an interest in real property.[8]

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **AFFIRM**  the final decision of the Commissioner and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge Robert C. Chambers.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

---

[8] West Virginia Law provides that real estate cannot be conveyed unless by deed or will.  *See* WV Code § 36-1-1.

      The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

      Enter:  February 27, 2017

_____
Dwane L. Tinsley
United States Magistrate Judge